Filed 5/28/25  P. v. Guerrero-Trevino CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ISHMAEL JOSHUA GUERRERO-TREVINO,<br><br>Defendant and Appellant. | B336213<br><br>Los Angeles County<br>Super. Ct. No. BA515810 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alison S. Matsumoto, Judge.  Affirmed.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

——————————

Ishmael Joshua Guerrero-Trevino appeals from the trial court's execution of a suspended prison sentence. The court found—after a formal hearing at which appellant testified—that he had violated the terms of his probation by committing another offense. Appellant's counsel has asked us independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

Los Angeles Police Department Detective Ricardo Gonzalez testified at the preliminary hearing. According to Gonzalez, a man named Jerome Rubi was playing basketball at a 24-Hour Fitness gym on September 19, 2022. Rubi was using his cell phone to record himself playing basketball when a man—later identified as appellant—took Rubi's phone. Appellant also punched and kicked Rubi.

The People charged appellant with the second degree robbery of Rubi. The People alleged appellant had a prior strike for dissuading a witness by force or threat in violation of Penal Code section 136.1, subdivision (c)(1).[1] The People also alleged two aggravating factors under rule 4.421(b) of the California Rules of Court: that appellant engaged in violent conduct indicating a serious danger to society, and that he had served a prior term in prison or jail.

On August 3, 2023, appellant entered into a plea agreement with the prosecution. The prosecution amended the information to add a second count for assault by means of force likely to cause great bodily injury under section 245, subdivision (a)(4). Appellant pleaded no contest to the charge and admitted the aggravating factors. In accordance with the parties' agreement, the court sentenced appellant to the upper

---

[1] References to statutes are to the Penal Code.

term of four years in the state prison, suspended execution of that sentence, and placed appellant on two years of formal felony probation.  One of the terms of appellant's probation was that he "obey all laws."

On November 20, 2023, the prosecution filed a motion asking the court to revoke appellant's probation based on a new arrest.  An attached police report stated that, on October 3, 2023, a man named Noe Gamez "was outside his front porch" when a person with the moniker " 'Puppet' " approached him, "challenged him to a fight," and "attempted to lure him out to the street" where two other men were waiting.  A "physical altercation" ensued.  Gamez's family "intervened."  As " 'Puppet' " walked "out the driveway," he stated he was from the " 'BMS' " gang and "would return with firearms to shoot the location up."  A witness named Gerardo Garcia corroborated Gamez's report.

Authorities apparently issued "a wanted flyer for criminal threats."  According to the flyer, appellant is a "Barrios Mojados 13 gang member" with the moniker " 'Puppet.' "  A second police report attached to the motion to revoke appellant's probation stated that, on November 16, 2023, officers saw appellant standing next to a car parked in a red zone "alongside [three] males inside of the vehicle inhaling nitrous oxide and drinking in public."  Based on the wanted flyer, the officers arrested appellant.  Gamez later "identified [appellant] through a six-pack photographic lineup."

The court conducted a formal evidentiary probation violation hearing on January 11, 2024.  Gamez did not testify at the hearing.  Counsel told the court that an officer would testify that, when they arrested appellant, they'd seen him

3

"involved in behavior" that also could constitute a violation of his probation.

LAPD Officer Julio Quintanilla then testified he was working patrol on November 16, 2023. At about 10:45 that night, Quintanilla saw appellant "with other individuals and he was engaging in the inhaling of noz," "nitrous oxide." "He had a balloon in his hand." Quintanilla recalled a detective had "provided a wanted flyer" during roll call "indicating that [appellant] was wanted for criminal threats." Quintanilla had had "multiple prior contacts" with appellant, and he confirmed appellant "was, in fact, on probation."

Appellant testified on his own behalf at the hearing. Appellant said he had been working that night, doing "maintenance" at "an insurance spot." He "just went outside for a little bit to say 'hello' to [his] friends." When defense counsel asked appellant if he'd had a nitrous oxide balloon in his hand, appellant replied, "I mean, I did—you know, I did it once; but it wasn't mine." Appellant added, "I drug test and I pass and I do good, you know."

On cross-examination, appellant denied he'd told Gamez he was "going to get guns and shoot up the place." He also denied gang membership and said he had not claimed his gang. When asked if he knew consuming nitrous oxide was against the law, he replied, "Not really." He explained, "I mean, you know, I really wanted—I did one hit. It was not like I was doing other things."

Based on appellant's "own admission" that he had "engaged in [the] use of narcotics," the trial court found him in violation of probation and executed the suspended sentence.

Guerrero-Trevino appealed and we appointed counsel to represent him. After examining the record, counsel filed an opening brief and a declaration stating he "was unable to identify any reasonably arguable issues." Counsel stated he had reviewed "the complete appellate record" as well as "the superior court file." Counsel asked this court independently to review the record under *Wende, supra,* 25 Cal.3d 436. Counsel stated he had mailed the appellate record to appellant and advised him he could file a letter or supplemental brief within 30 days.

On March 12, 2025, we sent a letter directing counsel to send the record of this appeal and a copy of his opening brief to appellant, and noting appellant could file a supplemental brief raising any contentions or arguments he wished this court to consider. On March 29, 2025, we received a handwritten letter from appellant. Appellant's letter does not offer any facts or argument, but only asks how much of the four years he will have to serve.

We have independently reviewed the record and find no arguable issues. We are satisfied that appellant's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

We affirm Ishmael Joshua Guerrero-Trevino's conviction and sentence.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.

We concur:


EDMON, P. J.


KLATCHKO, J.*

---

* Judge of the Riverside Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.